UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAN THAMPI,

    Plaintiff,

v.                              CASE No. 8:07-CV-1445-T-TGW

MANATEE COUNTY BOARD
OF COMMISSIONERS,

    Defendant.

_____

ORDER

THIS CAUSE came on for consideration upon Defendant Manatee County's Amended Motion for Summary Judgment (Doc. 11) and the Plaintiff Mohan Thampi's Memorandum in Opposition (Doc. 14).* As a result of the filing of a third amended complaint, the motion only relates to the plaintiff's procedural due process claim in count I (Doc. 38). Contrary to the plaintiff's contention, the plaintiff was afforded procedural due process in connection with the termination of his employment. In all events, the plaintiff's claim is foreclosed by McKinney v. Pate, 20 F.3d 1550 (11th Cir.

_____

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 25).

1994)(en banc), cert. denied, 513 U.S. 1110 (1995), due to the availability of adequate post-termination remedies in state court. Consequently, count I of the third amended complaint will be dismissed.

I.

The plaintiff, Mohan Thampi, was employed by the defendant, Manatee County Board of Commissioners, for approximately eighteen months as Projects and Engineering Manager and reported to the director of the Project Management Department (Doc. 11, p. 2). The County states that the plaintiff was terminated for "incompetence, [and] insubordination, among other reasons" (id.). The plaintiff alleges that the real reason he was terminated was retaliation because he was named as a witness by a fellow employee in a complaint of discrimination filed internally with the County on January 23, 2007 (Doc. 16-6, p. 8; Doc. 39. ¶¶ 39, 54).

On January 30, 2007, the plaintiff was placed on leave without pay following a pre-termination meeting with his superior, Timothy Hochuli (Doc. 16-4; Doc. 39, ¶8). On that date, the plaintiff was called into Hochuli's office and handed a pre-termination notice, which set out reasons why the plaintiff was being considered for termination (Doc. 16-4). The plaintiff was then placed on leave without pay (Doc. 39, ¶8). The plaintiff said he intended

to respond in writing, which he did on February 2, 2007 (Doc. 16-6). After consideration of the plaintiff's response, the plaintiff was sent a notice of termination on February 12, 2007 (Doc. 16-7).

The plaintiff subsequently requested a post-termination hearing (Doc. 39, ¶20). A two-day post-termination hearing was held on May 10-11, 2007 (id., ¶¶ 21, 23). The hearing officer found against the plaintiff and recommended on July 18, 2007, that the termination be upheld (Doc. 16-11). The County Administrator adopted the hearing officer's recommended order two days later (Doc. 39, ¶24). The plaintiff did not challenge the termination in state court and instead filed this federal lawsuit.

The plaintiff subsequently submitted an amended complaint alleging in two counts violations of procedural and substantive due process (Doc. 7). The defendant then filed a motion for summary judgment with respect to both of those counts (Doc. 11). Thereafter, the plaintiff was permitted to file a third amended complaint, which dropped the substantive due process count and added counts of First Amendment retaliation and Title VII retaliation (Doc. 39). The parties have filed a notice which requests that the court consider, without oral argument, the defendant's prior motion for

summary judgment with respect to the procedural due process claim in count I of the third amended complaint (Doc. 38).

II.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty or property, without due process of law." It is settled that a public employee can have a property interest in continued employment that is protected by this provision. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985). Accordingly, the defendant in its motion acknowledges that "[t]he Plaintiff was indeed a public employee and Defendant did indeed need to provide due process related to its termination of Plaintiff" (Doc. 11, p. 1). The defendant asserts that it "did provide Plaintiff all the process he was due" (id).

The plaintiff's procedural due process claim is meritless for two distinct reasons. First, as the defendant contends, the plaintiff was afforded due process during the administrative procedures. Furthermore, even if due process had been denied, the plaintiff had an opportunity to remedy that violation by challenging the termination in state court, and the presence of that remedy, under McKinney v. Pate, supra, 20 F.3d at 1564, requires that this court "find that no procedural due process violation occurred."

The defendant has a written policy for processing terminations (Doc. 16-3), and that policy was followed in this case. Thus, upon considering the plaintiff for termination, Hochuli provided the plaintiff with a detailed statement of reasons for that proposed action (Doc. 16-4). The plaintiff was then afforded an opportunity to respond to those reasons, and he did so in writing (Doc. 16-6).

The notice and opportunity to respond is all that due process requires at that point. Cleveland Board of Education v. Loudermill, supra, 470 U.S. at 545-46. The pre-termination hearing "need not definitively resolve the propriety of the discharge," but simply is "an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Id. The pre-termination procedures here adequately provided that initial check.

Thereafter, the plaintiff was afforded a two-day evidentiary hearing at which twenty-three witnesses testified (Doc. 16-11, p. 2). The plaintiff was represented by counsel, and was allowed to call witnesses, present exhibits, and cross-examine the defendant's witnesses (Doc. 16-9).

In his two cursory memoranda, the plaintiff makes no argument that these proceedings were constitutionally inadequate (Docs. 8, 14).

In his third amended complaint, the plaintiff alleges that any process stemming from the administrative hearing was ineffective because the defendant "unreasonably and inexcusably delayed Mr. Thampi's post-termination hearing" and "unreasonably and inexcusably delayed in deciding Mr. Thampi's post-termination hearing" (Doc. 39, ¶¶ 25, 26). Neither the facts nor the law provide any support for these allegations.

The administrative hearing was originally scheduled for March 30, 2007, but was continued to May 10, 2007. There is nothing unreasonable about taking three months from the date of termination to conduct an evidentiary hearing that requires two days and involves twenty-three witnesses. Similarly, it is not unreasonable for the hearing officer to take sixty-eight days following such a hearing to render his decision.

Furthermore, the plaintiff, as indicated, has not set forth in his memoranda any legal authority indicating that these time periods result in a denial of due process. Moreover, Cleveland Board of Education v. Loudermill, supra, is to the contrary. In that case, the Supreme Court rejected a contention that there was a constitutional violation because the post-

termination hearing was not conducted for nine months. 470 U.S. at 546-47. A fortiori, there is no constitutional violation where the full post-termination hearing is conducted three months after the termination and the administrative decision is rendered a little more than two months later.

For these reasons, the administrative proceedings afforded the plaintiff his due process rights. This conclusion, alone, is sufficient to warrant dismissal of count I.

In all events, even if the administrative procedures were somehow deficient, the plaintiff's procedural due process claim would fail in light of McKinney v. Pate. In that decision, the Eleventh Circuit held that a terminated employee in Florida could not bring a §1983 action alleging a procedural due process violation because the Florida state courts provide an opportunity to remedy the violation. The court explained that, "[w]hen a state procedure is inadequate, no procedural due process has been violated unless and until the state fails to remedy that inadequacy." 20 F.3d at 1560. The Eleventh Circuit then examined the remedies available to Florida state courts in employment termination cases. Id. at 1563-64. It concluded that the state remedies were adequate to provide all the relief that was warranted. Id. The

court held that, "[s]ince the Florida courts possess the power to remedy any deficiency in the process by which [the employee] was terminated, [the employee] can not claim that he was deprived of procedural due process." Id. at 1565.

In this case, the plaintiff did not seek relief from the state courts. However, neither did McKinney. The Eleventh Circuit determined in McKinney's case that the failure to pursue the state court remedies made no difference, 20 F.3d at 1564-65, and held that "there was no due process violation and, as a result, no section 1983 claim." Id. at 1567. It is appropriate to add that, in light of the settled principles of McKinney v. Pate, there is no plausible excuse for the failure of the plaintiff to seek relief from the state courts, if the plaintiff really believed that he was denied procedural due process.

The Florida state courts therefore possess the capability to remedy inadequate procedures in employment termination cases, as McKinney v. Pate held. The defendant augments that determination by submitting a state court decision involving the review of a termination of a Manatee County employee (see Doc. 4-2, Ex. A-5).

For these reasons, McKinney v. Pate requires dismissal of the plaintiff's claim in count I alleging a procedural due process violation. Accordingly, the defendant's motion for summary judgment will be granted as to that count. The motion is moot to the extent that it seeks dismissal of a substantive due process claim (a claim that McKinney v. Pate would also preclude) since the third amended complaint contains no such claim.

It is, therefore, upon consideration

ORDERED:

That the defendant's Motion for Summary Judgment (Doc. 11) is hereby **GRANTED** to the extent that count I of the plaintiff's third amended complaint is hereby **DISMISSED**. In all other respects, the motion is **DENIED** as moot.

DONE and ORDERED at Tampa, Florida, this 8th day of September, 2008.

_/s/ Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE